UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION


CHAD J. IDSINGA,

      Plaintiff,

v.                                      Case No. 1:17-cv-247
                                      Hon. Ray Kent


COMMISSIONER OF SOCIAL
SECURITY,

      Defendant,

_____/

## OPINION

      Plaintiff brings this action pursuant to 42 U.S.C. § 405(g), seeking judicial review

of a final decision of the Commissioner of Social Security Administration (Commissioner) which

denied his claim for disability insurance benefits (DIB) and supplement security income (SSI).

      Plaintiff alleged a disability onset date of January 24, 2014.[1] PageID.312.  Plaintiff

identified his disabling conditions as: hypertension; anxiety; polycystic kidney disease; thoracic

compression fracture; gastroesophageal reflux disease; post concussive syndrome; foreign body in

soft tissue; insomnia; and depression.  PageID.317.  Prior to applying for DIB and SSI, plaintiff

completed the 11th Grade, with past employment as a "repo agent" (repossessor).  PageID.65, 318.

Administrative law judge (ALJ) Condon reviewed plaintiff's claim *de novo* and entered a written

decision denying benefits on March 10, 2016.  PageID.49-66.

---

[1] Plaintiff's alleged onset date is the day after he received a partially favorable decision from Administrative Law Judge Reamon (dated January 23, 2014) who found that he was under a disability as defined by the Social Security Act from June 12, 2012 (the date he suffered injuries in a motor vehicle accident) through August 13, 2013. PageID.145.

## I. LEGAL STANDARD

This Court's review of the Commissioner's decision is typically focused on determining whether the Commissioner's findings are supported by substantial evidence. 42 U.S.C. § 405(g); *McKnight v. Sullivan*, 927 F.2d 241 (6th Cir. 1990). "Substantial evidence is more than a scintilla of evidence but less than a preponderance; it is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Cutlip v. Secretary of Health & Human Services*, 25 F.3d 284, 286 (6th Cir. 1994). A determination of substantiality of the evidence must be based upon the record taken as a whole. *Young v. Secretary of Health & Human Services*, 925 F.2d 146 (6th Cir. 1990).

The scope of this review is limited to an examination of the record only. This Court does not review the evidence de novo, make credibility determinations or weigh the evidence. *Brainard v. Secretary of Health & Human Services*, 889 F.2d 679, 681 (6th Cir. 1989). The fact that the record also contains evidence which would have supported a different conclusion does not undermine the Commissioner's decision so long as there is substantial support for that decision in the record. *Willbanks v. Secretary of Health & Human Services*, 847 F.2d 301, 303 (6th Cir. 1988). Even if the reviewing court would resolve the dispute differently, the Commissioner's decision must stand if it is supported by substantial evidence. *Young*, 925 F.2d at 147.

A claimant must prove that he suffers from a disability in order to be entitled to benefits. A disability is established by showing that the claimant cannot engage in substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve months. *See* 20 C.F.R. §§ 404.1505 and 416.905; *Abbott v. Sullivan*, 905

F.2d 918, 923 (6th Cir. 1990). In applying the above standard, the Commissioner has developed a five-step analysis:

> The Social Security Act requires the Secretary to follow a "five-step sequential process" for claims of disability. First, plaintiff must demonstrate that she is not currently engaged in "substantial gainful activity" at the time she seeks disability benefits. Second, plaintiff must show that she suffers from a "severe impairment" in order to warrant a finding of disability. A "severe impairment" is one which "significantly limits . . . physical or mental ability to do basic work activities." Third, if plaintiff is not performing substantial gainful activity, has a severe impairment that is expected to last for at least twelve months, and the impairment meets a listed impairment, plaintiff is presumed to be disabled regardless of age, education or work experience. Fourth, if the plaintiff's impairment does not prevent her from doing her past relevant work, plaintiff is not disabled. For the fifth and final step, even if the plaintiff's impairment does prevent her from doing her past relevant work, if other work exists in the national economy that plaintiff can perform, plaintiff is not disabled.

*Heston v. Commissioner of Social Security*, 245 F.3d 528, 534 (6th Cir. 2001) (citations omitted).

The claimant bears the burden of proving the existence and severity of limitations caused by her impairments and the fact that she is precluded from performing her past relevant work through step four. *Jones v. Commissioner of Social Security*, 336 F.3d 469, 474 (6th Cir. 2003). However, at step five of the inquiry, "the burden shifts to the Commissioner to identify a significant number of jobs in the economy that accommodate the claimant's residual functional capacity (determined at step four) and vocational profile." *Id.* If it is determined that a claimant is or is not disabled at any point in the evaluation process, further review is not necessary. *Mullis v. Bowen*, 861 F.2d 991, 993 (6th Cir. 1988).

"The federal court's standard of review for SSI cases mirrors the standard applied in social security disability cases." *D'Angelo v. Commissioner of Social Security*, 475 F. Supp. 2d 716, 719 (W.D. Mich. 2007). "The proper inquiry in an application for SSI benefits is whether the plaintiff was disabled on or after her application date." *Casey v. Secretary of Health and Human Services*, 987 F.2d 1230, 1233 (6th Cir. 1993).

## II.    ALJ's DECISION

Plaintiff's claim failed at the fifth step of the evaluation. At the first step, ALJ Condon found that plaintiff had not engaged in substantial gainful activity since the alleged onset date of January 24, 2014. PageID.51. While plaintiff had engaged in part-time work of up to five hours per week at his mother's company, the ALJ found that this work did not constitute substantial gainful activity. PageID.51-52. The ALJ also found that plaintiff met the insured status requirements of the Social Security Act through September 30, 2017. PageID.51.

At the second step, the ALJ found that plaintiff had severe impairments of: status post pelvic fracture; status post T12 compression fracture; status post fusion surgery; affective disorder; anxiety disorder; personality disorder; and pain disorder involving both psychological factors and a general medical condition. PageID.52. At the third step, the ALJ found that plaintiff did not have an impairment or combination of impairments that met or equaled the requirements of the Listing of Impairments in 20 C.F.R. Pt. 404, Subpt. P, App. 1. PageID.54.

The ALJ decided at the fourth step that:

> [C]laimant has the residual functional capacity to perform light work as defined in 20 CFR 404.1567(b) and 416.967(b) limited to standing and/or walking up to two hours in an eight-hour workday. The claimant can occasionally climb ramps, stairs, ladders, ropes, and scaffolds; balance; stoop; kneel; crouch; and crawl. The claimant must avoid concentrated exposure to extreme cold, extreme heat, and vibration, and he can have no exposure to unprotected heights. Additionally, due to his psychological symptoms, the claimant is limited to performing work where he can understand, remember, and carry out simple instructions and where he can have occasional interaction with the general public.

PageID.56. The ALJ also found that plaintiff is unable to perform any past relevant work. PageID.64.

At the fifth step, the ALJ determined that plaintiff could perform a significant number of unskilled jobs at the light exertional level in the national economy. PageID.65-66.

Specifically, the ALJ found that plaintiff could perform the requirements of light and unskilled occupations in the national economy such as assembler of small products (64,000 jobs), mail clerk (58,000 jobs), and garment sorter (55,000 jobs). PageID.66. Accordingly, the ALJ determined that plaintiff has not been under a disability, as defined in the Social Security Act, from January 24, 2014 (the alleged onset date) through March 10, 2016 (the date of the decision). PageID.66.

## III. DISCUSSION

Plaintiff set forth one issue on appeal (with several sub-issues):

**The ALJ's residual functional capacity (RFC) findings are not supported by substantial evidence as required under 20 C.F.R. §§ 404.1520a and §404.1545, and SSR 98-6p.**

RFC is a medical assessment of what an individual can do in a work setting in spite of functional limitations and environmental restrictions imposed by all of his medically determinable impairments. 20 C.F.R. § 404.1545. It is defined as "the maximum degree to which the individual retains the capacity for sustained performance of the physical-mental requirements of jobs." 20 C.F.R. Part 404, Subpt. P, App. 2, § 200.00(c).

### A. The ALJ failed to give proper weight to the opinions of plaintiff's treating physician, Philip Waalkes, D.O.

Dr. Waalkes, plaintiff's family physician, provided a medical source statement dated April 16, 2013. A treating physician's medical opinions and diagnoses are entitled to great weight in evaluating plaintiff's alleged disability. *Buxton v. Halter*, 246 F.3d 762, 773 (6th Cir. 2001). "In general, the opinions of treating physicians are accorded greater weight than those of physicians who examine claimants only once." *Walters v. Commissioner of Social Security*, 127 F.3d 525, 529-30 (6th Cir. 1997). "The treating physician doctrine is based on the assumption that a medical professional who has dealt with a claimant and his maladies over a long period of time will have a deeper insight into the medical condition of the claimant than will a person who has

examined a claimant but once, or who has only seen the claimant's medical records." *Barker v. Shalala*, 40 F.3d 789, 794 (6th Cir. 1994). *See* 20 C.F.R. §416.927(c)(2) ("Generally, we give more weight to opinions from your treating sources, since these sources are likely to be the medical professionals most able to provide a detailed, longitudinal picture of your medical impairment(s) and may bring a unique perspective to the medical evidence that cannot be obtained from the objective medical findings alone or from reports of individual examinations, such as consultative examinations or brief hospitalizations").

Under the regulations, a treating source's opinion on the nature and severity of a claimant's impairment must be given controlling weight if the Commissioner finds that: (1) the opinion is well-supported by medically acceptable clinical and laboratory diagnostic techniques; and (2) the opinion is not inconsistent with the other substantial evidence in the case record. *See Gayheart v. Commissioner of Social Security*, 710 F.3d 365, 375 (6th Cir. 2013); 20 C.F.R. §416.927(c)(2). Finally, the ALJ must articulate good reasons for not crediting the opinion of a treating source. *See Wilson v. Commissioner of Social Security*, 378 F.3d 541, 545 (6th Cir. 2004); 20 C.F.R. §416.927(c)(2) ("[w]e will always give good reasons in our notice of determination or decision for the weight we give your treating source's opinion").

The ALJ addressed Dr. Waalke's opinion as follows:

> In April 2013, Dr. Waalkes recommended that the claimant be permanently limited to lifting no more than twenty-five pounds. Dr. Waalkes also advised that the claimant should not bend or lift "with any frequency" (Ex. B1F/6). Dr. Waalkes also completed a physical capacities assessment form, where he checked boxes to indicate that the claimant could only sit, stand, walk, bend, and stoop for one to two hours each in an eight-hour workday. Dr. Waalkes checked additional boxes to advise that the claimant "would need a sit/stand option, as symptoms dictate, at will," and that he would require work breaks as dictated by his symptoms. Dr. Waalkes added that the claimant could only lift up to twenty-five pounds for one to two hours in an eight-hour workday. Moreover, Dr. Waalkes indicated that the claimant was best suited for part-time work, that he would likely miss three days or more of work and be tardy three or more days per month (Ex. B10F/2). In February

2014, Dr. Waalkes submitted a letter stating that the claimant "can no longer do the work he was doing prior to (his motor vehicle accident) and is limited, in any capacity, for gainful employment otherwise" (Ex. B2F). In December 2015, the claimant's representative sent Dr. Waalkes a copy of the form he had completed in April 2013, and requested Dr. Waalkes' opinion on "if it has been medically reasonable since at least January of 2014 for (the claimant) to need unscheduled breaks of at least an hour total a day, if he were to attempt to work on a full-time basis, and whether he would be likely to miss three or more days of work a month due to his medical conditions." Dr. Waalkes agreed with the opinion proposed by the claimant's representative. Dr. Waalkes also stated that he would revise his earlier opinion to indicate that the claimant could not carry greater than ten pounds, bend, or stoop on a repetitive basis (Ex. Bl0F/1).

Statements that a claimant is "disabled" or "unable to work," or the like, are not medical opinions but are administrative findings dispositive of a case, requiring familiarity with the Regulations and legal standards set forth therein. Such issues are reserved to the Commissioner, who cannot abdicate the statutory responsibility to determine the ultimate issue of disability. Opinions on issues reserved to the Commissioner can never be entitled to controlling weight, but must be carefully considered to determine the extent to which they are supported by the record as a whole or contradicted by persuasive evidence (SSR 96-5p). The undersigned gives little weight to Dr. Waalkes' opinion because it is inconsistent with the medical evidence and the record as a whole, including the claimant's history of improvement with consistent treatment and medication usage, the objective medical studies, the clinical examination findings, and the claimant's reported activities of daily living. Indeed, Dr. Waalkes' opinion is inconsistent with his own treatment notes, which do not contain sufficient narrative statements or clinical examination findings to corroborate the substantial limitations that he has proposed. Rather, Dr. Waalkes has generally merely noted the claimant's ongoing pain complaints, while making relatively vague and nonspecific clinical examination findings, such as his April 2014 finding that the claimant demonstrated "decreased range of motion, tenderness, pain, and spasm" throughout his cervical, thoracic, and lumbar back with no further explanation (Ex. B8F/8). As such, it appears that Dr. Waalkes relied quite heavily on the claimant's subjective report of symptoms and limitations, and that he seemed to uncritically accept as true most, if not all, of what the claimant reported in formulating his opinion statements. Yet, as explained above, there exist good reasons for questioning the reliability of the claimant's subjective complaints.

PageID.62-63.

The ALJ gave good reasons for assigning little weight to Dr. Waalkes' opinion. The ALJ's decision set forth an extensive review of plaintiff's medical record since the alleged onset date, from which he could conclude that the doctor's opinion was inconsistent with his own

treatment notes.  PageID.52-64.  In addition, the ALJ could disregard Dr. Waalkes' statements regarding plaintiff's ability or inability to perform gainful employment.  Such statements, by even a treating physician, constitute a legal conclusion that is not binding on the Commissioner.  *Crisp v. Secretary of Health and Human Services*, 790 F.2d. 450, 452 (6th Cir. 1986).  The determination of disability is the prerogative of the Commissioner, not the treating physician.  *See Houston v. Secretary of Health and Human Services*, 736 F.2d 365, 367 (6th Cir. 1984).  The ALJ also noted that the doctor relied on plaintiff's subjective complaints, which, for the reasons discussed, *infra*, were not entirely credible.  Accordingly, plaintiff's claim of error will be denied.

### B.  The ALJ failed to properly consider plaintiff's pain.

While it is well-settled that pain may be so severe that it constitutes a disability, a disability cannot be established by subjective complaints of pain alone.  "An individual's statement as to pain or other symptoms shall not *alone* be conclusive evidence of disability."  *Cohen v. Secretary of Department of Health and Human Services*, 964 F.2d 524, 529 (6th Cir. 1992), quoting 42 U.S.C. § 423(d)(5)(A) (emphasis added).  Rather, objective medical evidence that confirms the existence of pain is required.  *Shavers v. Secretary of Health and Human Services*, 839 F.2d 232, 234-235 (6th Cir. 1987).  The Sixth Circuit has developed a two-prong test to evaluate a claimant's assertion of disabling pain:

> First, we examine whether there is objective medical evidence of an underlying medical condition. If there is, we then examine: (1) whether objective medical evidence confirms the severity of the alleged pain arising from the condition; or (2) whether the objectively established medical condition is of such a severity that it can reasonably be expected to produce the alleged disabling pain.

*Walters*, 127 F.3d at 531, citing *Felisky v. Bowen*, 35 F.3d 1027, 1038-39 (6th Cir. 1994) (quoting *Duncan v. Secretary of Health and Human Services*, 801 F.2d 847, 853 (6th Cir. 1986)). The two-prong "*Duncan* analysis" is a "succinct form" of the Social Security Administration's guidelines

for use in analyzing a claimant's subjective complaints of pain as set forth in 20 C.F.R. § 404.1529. *Felisky*, 35 F.3d at 1037-39.

In reviewing plaintiff's claim of disabling pain, it is the ALJ's function to resolve conflicts in the evidence and determine issues of credibility. *See Siterlet v. Secretary of Health and Human Services*, 823 F. 2d 918, 920 (6th Cir. 1987). An ALJ may discount a claimant's credibility where the ALJ "finds contradictions among the medical records, claimant's testimony, and other evidence." *Walters*, 127 F.3d at 531. "It [i]s for the [Commissioner] and his examiner, as the fact-finders, to pass upon the credibility of the witnesses and weigh and evaluate their testimony." *Heston*, 245 F.3d at 536, quoting *Myers v. Richardson*, 471 F.2d 1265, 1267 (6th Cir. 1972). The court "may not disturb" an ALJ's credibility determination "absent [a] compelling reason." *Smith v. Halter*, 307 F.3d 377, 379 (6th Cir. 2001). "On appeal, we will not disturb a credibility determination made by the ALJ, the finder of fact . . . [w]e will not try the case anew, resolve conflicts in the evidence, or decide questions of credibility." *Sullenger v. Commissioner of Social Security*, 255 Fed. Appx. 988, 995 (6th Cir. 2007). Nevertheless, an ALJ's credibility determinations regarding subjective complaints must be reasonable and supported by substantial evidence. *Rogers v. Commissioner of Social Security*, 486 F.3d 234, 249 (6th Cir. 2007).

Plaintiff's injuries and medical conditions meet the first prong of the *Duncan* analysis. However, the Court concludes that plaintiff has not met the second prong. In addressing second prong, the Court looks to (i) the claimant's daily activities; (ii) the location, duration, frequency, and intensity of the claimant's pain; (iii) precipitating and aggravating factors; (iv) the type, dosage, effectiveness, and side effects of any medication the claimant takes or has taken to alleviate his pain or other symptoms; (v) treatment, other than medication, the claimant receives

or has received for relief of his pain; and, (vi) any measures the claimant uses or has used to relieve his pain. *Felisky*, 35 F.3d at 1039-40.

As discussed, the ALJ considered plaintiff's medical record in detail. In addition, the ALJ provided an extensive discussion to support his finding that plaintiff's claim that he suffers from disabling impairments was not fully credible:

> In assessing the credibility of the claimant's allegations, the undersigned acknowledges that the medical evidence certainly establishes that the claimant has experienced symptoms of pain, depression, and anxiety since his June 2012 motor vehicle accident. However, the undersigned reiterates that the objective medical evidence and clinical examination findings do not fully corroborate the claimant's alleged symptoms and limitations. Rather, the medical evidence suggests that the claimant's symptoms have been relatively well controlled with consistent treatment and medication usage. Despite the efficacy of this treatment, the record reflects relatively infrequent medical appointments for the allegedly disabling symptoms. The medical evidence also establishes that the claimant has failed to follow up with some treatment recommendations made by his treating providers, such as suggestions to pursue injection therapy. Moreover, the record reveals that the claimant cancelled or failed to attend numerous scheduled physical therapy appointments (Ex. B5F/12-16, 22-23; B11F/33-37, 43, 45-46, 76, 80). This history of limited treatment and noncompliance suggests that the claimant's symptoms may not be as limiting as he has alleged. Indeed, in his contact with the Social Security Administration and the consultative examiner, the claimant has reported substantial limitations and presented as quite limited, which sharply contrasts with his comparatively unremarkable statements and presentation at appointments with his own treating medical providers, as noted above.

PageID.61.

In addition, the ALJ noted that "the claimant has acknowledged continuing to engage in part-time work activity since his alleged onset date" and that "[a]lthough that work activity has not risen to the level of disqualifying substantial gainful activity, it does indicate that the claimant's daily activities have been somewhat greater than he has generally reported." *Id*. The ALJ also found that plaintiff has described daily activities "that are not limited to the extent one would expect given his allegations of disabling symptoms." *Id*. These include "helping to care for his children, driving, grocery shopping, preparing meals, washing dishes, helping with

household chores, mowing his lawn with a riding lawnmower, doing laundry, caring for his personal hygiene, helping to care for horses, attending his children's school events, and watching television." The ALJ concluded that "[b]ecause of these inconsistencies, the undersigned finds that the claimant's statements concerning the intensity, persistence, and limiting effects of his alleged symptoms are not fully credible." *Id.*

The Court's analysis does not suggest that plaintiff does not suffer from pain. Rather, the evidence indicates only that plaintiff's pain was not disabling under the *Duncan* standard. Even if this court might reach a different conclusion considering the evidence *de novo*, there is no basis on this limited appellate review to disturb the ALJ's decision. Accordingly, this claim of error will be denied.

### C. The ALJ erred when he applied AR 98-4(6) in this case.

Plaintiff contends that the ALJ "erred in his rote application of Acquiescence Ruling (AR) 98-4(6)." Plaintiff's Brief (ECF No. 10, PageID.799). Plaintiff points out that under that ruling, "the ALJ is bound to follow a prior ALJ's RFC findings unless there is new and material evidence pertaining to the current period of adjudication suggesting a significant change in the claimant's condition," citing *Drummond v. Commissioner Social Security*, 126 F.3d 837 (6th Cir. 1996). *Id.* ALJ Condon addressed this issue as follows:

> The undersigned has also considered this matter in accordance with AR 98-4(6). The claimant filed a prior application and was found not disabled pursuant to an ALJ decision issued on January 23, 2014 (Ex. B1A). For the period extending through the date of the decision on January 23, 2014, the prior ALJ found the claimant retained the residual functional capacity to perform less than the full range of light work involving simple tasks and occasional interaction with the general public (Ex. B1A/20). The present record does not establish new and material medical evidence pertaining to the current period of adjudication to suggest that the claimant has experienced a significant change in his condition that would provide a basis for finding a different residual functional capacity. Accordingly, the undersigned has adopted the residual functional capacity from the previous ALJ decision.

PageID.64.

Plaintiff contests ALJ Condon's finding that there was no new and material evidence suggesting a change in plaintiff's condition after January 23, 2014. Specifically, plaintiff contends that he developed new impairments including: pain in his shoulders, ankles and feet caused by gout (supported by laboratory testing) and possibly rheumatoid arthritis (based on an elevated ANA level); and, an exacerbation in his back pain and mental health. Plaintiff's Brief at PageID.799.

Plaintiff's contention that the ALJ's "mechanical application of the prior RFC finding by ALJ Reamon" resulted in errors of law and fact is without merit. The record reflects that on July 6, 2015, Dr. Waalkes was unsure whether plaintiff's condition was gout or rheumatoid arthritis, and referred plaintiff to a rheumatologist. PageID.650. The ALJ noted this referral and reviewed the evaluation performed by the rheumatologist, Aaron Eggebeen, M.D. PageID.59. Dr. Eggebeen's September 8, 2015 assessment of plaintiff included a possible inflammatory arthritis involving inflammatory symptoms in the shoulders and ankles. PageID.522, 661. The ALJ addressed plaintiff's new systems at step two, noting that plaintiff did not follow up with Dr. Eggebeen for further testing or treatment. PageID.53. After reviewing plaintiff's later treatment with Dr. Waalkes in November 2015, the ALJ concluded "that the claimant's history of foot pain and possible gout are not severe impairments because the medical evidence does not establish that this condition has imposed significant limitations on the claimant's ability to perform basic work activities for a consecutive period of at least twelve months." *Id*. In short, the ALJ did not make a "rote" or "mechanical" application of AR 98-46. Accordingly, plaintiff's claim of error will be denied.

## IV.    CONCLUSION

The ALJ's determination is supported by substantial evidence.    The Commissioner's decision will be **AFFIRMED** pursuant to 42 U.S.C. § 405(g).    A judgment consistent with this opinion will be issued forthwith.


Dated:  March 29, 2018                                    /s/ Ray Kent
                                                          United States Magistrate Judge